# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL DRANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-CV-00039 OWW DLB PC<br><br>ORDER REMANDING ACTION TO FRESNO COUNTY SUPERIOR COURT<br><br>(Doc. 1) |

　　　This is a civil action filed by plaintiff Jamal Drane ("plaintiff"), a state prisoner proceeding pro. The action was removed from the Fresno County Superior Court to this Court by defendant Yates ("defendant") on January 7, 2008.

　　　Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1

1  to removal, and even if both parties stipulate to federal jurisdiction." <u>Rains v. Criterion Systems,</u>
2  <u>Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

3       In his notice of removal, defendant states, "This is a civil action for Defendants' alleged acts
4  which violated Plaintiff's Eighth Amendment and state law rights." (Doc. 1, p.2).

5       "The presence or absence of federal-question jurisdiction is governed by the well-pleaded
6  complaint rule, which provides that federal jurisdiction exists only when a federal question is
7  presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc., v. Williams</u>,
8  482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff
9  the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."
10 <u>Id</u>.

11      Defendant's contention that this action arises under federal law is not supported by a review
12 of plaintiff's complaint.  <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1065 (9th Cir. 1979)
13 (existence of federal jurisdiction determined by the complaint at the time of removal).   Plaintiff
14 states that this is a personal injury case with "general negligence" and "intentional tort" denoted as
15 the causes of action.  Plaintiff has not made any allegation that defendants violated his Eighth
16 Amendment rights. Plaintiff's decision to file suit in state court utilizing a state civil complaint form
17 alleging state law claims demonstrates that plaintiff exercised his right to rely exclusively on state
18 law.  <u>Caterpillar, Inc.</u>, 482 U.S. at 392.

19      Accordingly, this Court lacks subject matter jurisdiction over this action and it shall therefore
20 be remanded to Fresno County Superior Court.

21      Accordingly, this Court hereby:

22     1.    REMANDS this action to the Fresno County Superior Court; and

23     2.    DIRECTS this Court's clerk to serve a copy of this order on the Fresno County
24         Superior Court and to serve the parties in the customary manner.

25

26   IT IS SO ORDERED.

27   Dated:   **September 11, 2008**          /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE
28